Good morning. May it please the Court, my name is Michael Romano. I represent the defendant Michelle Serrao. In this case, along with Dennis Reardon, we're also here with George Boisseau, who represents the defendant Brian Rosenquist. I'd like to reserve about five minutes of my time for rebuttal in case you have any specific questions regarding defendant Rosenquist. But this is a consolidated appeal that raises one issue, which is the scope of the search warrant, which we contend was overly broad. In fact, we submit that this Court has never upheld a search warrant that is as broad as the one that was served in this case, and, in fact, has reversed warrants as unreasonably broad, which were narrower and more particular than the warrant that was issued on Ms. Serrao's home. I just have a terrible threshold problem. Excuse me? Don't you have a terrible threshold problem in this case? The waiver issue. Hmm. Yes. I was going to get to that. I'd like to start by saying, first of all, we submit that the claim was raised below and that this Court has made a very clear distinction between claims that are raised below and arguments that are raised below. So the claim that has been consistent throughout this case is that the warrant was not sufficiently particular. The argument below was that it was not sufficiently particular because the attachments and affidavit were not served on Ms. Serrao. Okay? The argument on appeal, we agree, is different. The argument is that the warrant was not sufficiently particular because the attachments are overbroad on their face. The claim is identical. When you say claim, it's because there's one word in the heading of your claim that says particular. And therefore, having put that word in the heading of your claim, you can make a totally different argument to the district court, never argue this issue at all with the district court, and they come up here and argue it here. That's really your position, right? Not quite, Your Honor. Am I right? That's where particular – if we look for particular, that's where we find it. I think that if you look at the first page of the points – the memorandum of points and authorities, it's a whole paragraph outlining the requirements for particularity in a warrant. Also on the supplemental excerpts of record on page 6, the memo even cites to Center Art Galleries v. Hawaii, which is precisely the case that we're relying on an appeal in which it's a broad warrant. Now, admittedly, in the memo below, it was Center for Art Galleries was cited in the string cite, but the point that I want to emphasize is that the argument that a warrant is not sufficiently particular because it wasn't properly served or wasn't served at all is actually a subset of the more general argument that it's not particular at all. It's – You know, this isn't supposed to be a game. Excuse me? This isn't supposed to be a game where one goes to the district court and says A and figures, great, I'll say A to the district court and that gives me a free pass to the court of appeals where I'll argue B. That's the whole point about waiver. That's the whole point of the whole thing. It's a matter of the proper way for courts and consul to approach a case so that the system – So the system works properly. This case would never argue to the district court in any way, shape or form on the issue you really want to argue here. You want to flick in the issue you argue to the district court and say, okay, that's probably a dead duck and argue a totally different question here. I think it's the same fundamental question, which whether or not the warrant that was executed – It's the same fundamental question, whether the warrant's particular versus whether you served the person with it. If the warrant were as particular as all go-out, if it were the most particular warrant you ever saw in your life, the argument in the district court would look precisely the same as the one you made, would it not? The arguments do not need to be identical. The claims need to be identical. I understand what you're saying. Okay. That's a nice – that's a nice rubric and it's a nice trope and such. But the point is, if it had been totally particular, the most wonderful warrant that anybody ever drew, the argument in the district court would look exactly the same. Judge, you should suppress this because it wasn't given to her and certainly wasn't given to her in advance. Am I not right? This argument wouldn't change a bit, no matter what the particularity is. If the warrant was sufficiently particular. Yes, it would look precisely the same, right? I understand. Can I – I would like to draw the court's attention to a case, United States v. Pilar Escalon, which is in our reply brief. And that case raises the exact situation that you're talking about, Judge Fernandez. That was an illegal reentry case. The issue was whether or not an underlying state misdemeanor conviction counted as an aggravated felony. In the district court, the defendant argued, first of all, that the conviction was invalid altogether for a due process violation. And second of all, a misdemeanor could not count as an aggravated felony. Those were the two arguments that were presented to the district court. Both of those arguments turned out to be losers because subsequently the Ninth Circuit had ruled against them in another case. The case comes up to appeal in the Ninth Circuit, and the defendant argued successfully that the underlying conviction was not an aggravated felony under the categorical approach that I guess you were all discussing in your case earlier this morning. The point is, in that case, this Court made absolutely clear that the claim was identical. The claim is that the underlying conviction is not an aggravated felony. Now, the reason why it's not an aggravated felony, the arguments in support of it not being an aggravated felony have changed between the district court and the court of appeal, and I think we're in precisely the same situation. Again, the claim is that the warrant was not sufficiently particular. Below, the argument was it's not sufficiently particular because the particular items to be seized were not presented to Ms. Serrao. On appeal, we're saying that even if they were served to Ms. Serrao, the document itself was officially overpriced. I guess the question is what level of generality we're going to allow you to climb to when you say what a claim is. You could say, well, our position in the district court was that the search was invalid. And it's the same claim up here. I understand. Or you could say it's a Fourth Amendment violation very generally. I think in this case, though, that we should qualify for, especially when — and I should say this, that I agree with the government to the extent that a failure to raise a claim in a Rule 12 motion creates a significant barrier on appeal. There's no plain error review. All right? So when it's that severe a penalty, let's say, for appellate review, I think that this Court on the question of waiver should be, you know, be conservative. But — sorry, Chief. I just wanted to get to the — what was wrong with the warrant. Okay. I think we understand what you're arguing on whether we can consider it. So if we just assume for a minute we can consider it, what is your argument? Sure. The argument here is that the warrant in this case allowed police to search and seize virtually every piece of paper in Ms. Serrao's home. In fact — Because? Excuse me. Because it authorized the search of all documents relating to any bank account, all correspondence from Ms. Serrao relating to the sale of any goods, all financial records, all documents relating expenditures over $500, all tax returns, all mail, including utility bills, and documents relating to any post office box. This Court has held repeatedly that, especially when it's such a broad warrant and especially when it's a warrant on a home, that failure to at least include a limiting date as to when — Okay. She was accused of — they were searching because of embezzlement, as I understand it. That's correct. So financial records, tax records, employment records, all those would be relevant. So the particular problem here is that it didn't have dates for those documents. That's correct. And we believe that that's fatal under United States v. Caldwell. This Court has held pretty clearly that when it's possible to include dates, and here the government concedes that it was absolutely possible and, in fact, that they should have included a date, whether it was when she started working at the bank, which was in March 1998, or when the money began to be missing, which I believe was in March 1999 through 2001, that those should have been the relevant dates, and that documents prior to those dates are completely irrelevant. If we agreed with you, would the remedy be to suppress the material prior to those dates? I think — no, Your Honor. I think that the remedy is to suppress every document that was seized under the overbroad items in the search warrant, and I believe that those items are three through nine. Item one, which permitted the executing officers to search all cash, I think is overbroad for another reason. I don't think that there's probable cause to say that every piece of U.S. currency in Mr. Rayo's house is part of this. No, but if you don't count it all, you don't know how much is there and how much it exceeds the normal expectation for somebody with their income, their legitimate income. I think that the cash item is actually a closer call. Cash doesn't usually come stamped with dates. No. Well, it does come stamped with dates, but not relevant to this case. Yes, no, of course. That's absolutely true, Your Honor, but I don't think that if Ms. Rayo had $5 singles in her wallet, which, incidentally, her wallet and Mr. Rosenquist's wallets were seized, would be an evidence of a crime at all, and there's probable cause that that exists at all. Now, in the affidavit, the HMG affidavit that was submitted in support of the warrant for probable cause, there was a description of the type of cash that might be found, for example, bundles of $20 bills. Now, that I would, you know, absolutely submit there would be probable cause for. Now, with regard to item two, that is sufficiently particular. This is, again, assuming that we can sever out the various items from and that the HMG affidavit is not overbroad in total, which I think that we would contend. In any event, items three through nine really permit the government to search and seize, as I said, almost every piece of paper in her home. Now, the government contends that that's quite all right because the scheme in this case, her, Ms. Rayo's home was permeated by fraud and therefore falls within an exception to general particularity. And I think it's a matter of law and it's a matter of logic that simply can't hold. First of all, as a matter of logic, if Ms. Rayo's home is permeated by fraud, then any defendant charged, certainly with a bank theft or accused of being a drug dealer, for example, on proceeds of their fraud would therefore be in their home. And so everybody's home would automatically be permeated by fraud. Well, permeated, I think was, if I read the affidavit right and such, was really meant to say something like, well, these people were making, what, thirty eight thousand dollars a year, some small amount, and they embezzled millions, what, eleven or twelve million? That's right. And they've lived a lifestyle that's just incredible. Everybody knows, probable cause, everybody thinks that when you're making that kind of money, you can't you can't be running the Bella Thoroughbreds business and you can't be spending these enormous amounts, have these enormous amounts running through your bank account. So really, everything you have probably is permeated by the fraud, because that's how you're living, you and your and your buddy. That's how you live. I understand the argument, Your Honor. My counter argument, again, is that, first of all, that that I think would qualify the search of anybody's home who's involved in a major fraud. And secondly, we're talking about we're talking about levels because you said let's be reasonable. I think you said any reasonable person or something is perfectly obvious to a reasonable person. So here you've got somebody who's making thirty thousand dollars a year and spending millions. Let me let me let me fall back to everything this guy's got is came from the fraud. I understand where you're going. Judge Fernandez, the case law in this circuit, at least with the permeated by fraud exception, says that it can only apply when a more specific, more particular description of the items to be seized is not available here. The government concedes that at least on the date that they could have been more specific and Caldwell, this court has held that failure to put a date on a search warrant when it's possible is a fatal flaw. And the permeated by fraud exception doesn't doesn't apply when a more specific description isn't available. And that's in center art galleries, which was incidentally cited in the in the district court brief and the United States versus Bridges. They could have picked time frames for at least some of them, right? For items three, four, six. I mean, that was a vain argument, right? Absolutely. And and and not just some of the items, but the items that really called for seizure of almost every piece of paper, every letter, utility bills, vacation receipts, bank bank documents, IRS forms. They're completely irrelevant to the case. I'd like to reserve the remainder of my time. You may. Thank you. Good morning. May it please the Court, counsel. The defendants have waived their particularity and overbreadth claims. And I think the place to start is this Court's Rule 12 decisions, the four decisions we cite in our brief, all of which have or are impossible to square with the defendant's analysis. Murillo and Hawkins, in particular, are instructive. In Murillo, the defendant argued that towels found in the trunk of his car were outside the scope of a warrant. On appeal, he argued that the towel should be suppressed because there was no probable cause for the warrant in the first place. This Court deemed that latter claim waived, although it was related in much the same way, probably more so than the claims at issue here. Similarly, in Hawkins, the defendant argued in the district court that the fruits of a traffic stop, namely evidence of his intoxication, should be suppressed on the ground that the officers lacked probable cause to stop the car. On appeal, this Court deemed waived his related claim that the same evidence should be suppressed because after stopping the car, the officers lacked the requisite suspicion to investigate his sobriety by conducting field sobriety tests. Again, what we have is claims that are aimed at different aspects of the same intrusion or series of events. And this Court's decisions make clear that that is the level of generality we're dealing with. Even claims that are aimed at suppressing the same evidence and that rely on the same provision of the Fourth Amendment are subject to the waiver rule if they're, as relevant here, aimed at different aspects of the same Fourth Amendment event. And we think those claim – I mean, those decisions, rather than the civil cases and the habeas cases that the defendant relies on are controlling here. The fact is that the – Kennedy, does that take us into some sort of a plain error analysis then? No, Your Honor. As I think the defense properly conceded, and I think there's a clear statement to this effect in the right decision that we cite, waiver under Rule 12 is a waiver, not a forfeiture, and failure to raise the claim means that's the end of the story. There's no mitigation as there would be with trial errors under Rule 52b, the plain error rule. So – What about the problem that I think we say sometimes we can consider waived claims under certain circumstances? True? That is true. This Court has held that where there is good cause for the failure to have raised the claim, this Court can consider it in the first instance on appeal. I'm not sure that the defendants even actually expressly argue that they've got good cause here. This isn't a situation where the elements, the factual or legal elements of the claim were unavailable to them at the time they filed their motion. In fact, all of the pieces of the warrant, including the list of items to be seized, were attached to the memorandum in support of their motion to suppress in the district court. And most of the cases, and perhaps all of them or nearly all of them, on which they rely in support of their overbreadth and particularity claims were decided in advance of their motion to suppress and in advance of the search, in fact. So this isn't a case where they didn't have an opportunity to raise the claim. They, in their brief, reply brief, discussed, I guess, a dispute between the parties about whether further factual development would be necessary, and they claim, in their view, that no additional facts need to be developed here, so this Court should go ahead and decide the claim for the first – in the first instance on appeal. Putting aside our disagreement on that sort of fact-bound issue, that alone is not enough. I mean, the Rule 12 case has made clear that the defendant has to show a legitimate reason for not raising the claim before. They don't have that here. The kind of – the pure legality of the claim does not excuse their failure to having – have raised it below. Kagan. Do you want to – do you want to just touch on the merits? Sure. In our view, this is an unusual case in which a very broad warrant is justified. We're dealing with suspected theft of roughly $12 million in currency, small – relatively small denominations. We've also got evidence of very large disproportionality between the defendant's known legitimate income, $28,000 for one of the defendants, $40,000 for the other, I believe, and their amount of spending, deposits into bank accounts, gambling, activities that are all listed in the warrant. There was no way in this case for the affiant in the warrant to further distinguish between good assets and bad assets or good currency and bad currency. I mean, because of the disproportionality and the information available, there simply wasn't a basis to give more guidance to the officers executing the warrant here. And, yes, the warrant is very broad, but this is – What about time? I mean, their main argument is a date. They're saying, look, these guys obviously weren't taking money from Loomis 10 years before they worked there, so where's the time? We concede, Your Honor, that that is the one aspect in which the warrant could have been more narrowly drawn, but in our view, it is not fatal. Why not? It's not fatal. First of all, the question isn't whether you can point to one area in which it could be more narrow. It's ultimately a question of reasonableness, and we don't think this warrant is unreasonable on its face. The card – we're not aware of any decision, by the way, including Cardwell, which has held that the lack of a date restriction alone is fatal. But even if this Court were to conclude that a date restriction was appropriate for some of the items listed in the – in Attachment B, it wouldn't have been meaningful for at least a couple of them. Particularly number one. Number one lists the – is the currency primarily, and currency is – I guess it is probably dated, but there's no basis for separating currency found in the house on the basis of date. So that evidence would not be subject to seizure – I mean, to suppression, excuse me, even if the Court found that the date restriction was appropriate for some of the other – some of the other parts of the warrant. Beyond that, we've got a fallback good-faith argument here. And certainly we've cited some, I think, very strong cases in our brief where a failure to provide appropriate date restrictions did not preclude a good-faith reliance on a warrant that might have been overbroad in the first instance. This is not a case where the warrant was so facially deficient, even absent the date restriction, that the officers could not have relied on it. And I would refer this Court to the Look decision cited in our brief, L.U.K., in which this Court allowed – recognized that the affidavit that's not incorporated in a warrant can't cure overbreadth, but it can be relied on in good-faith analysis if the agents at the time of the search relied on it. And here we have testimony in the – in the suppression hearing that one of the case agents, in fact, reviewed the affidavit, which does contain effectively date-limiting information. It talks about the scope of suspected criminal activity. One of the agents reviewed that affidavit twice before the search occurred. Beyond that, we've got our partial suppression argument. And again, if the flaw here is the lack of date restriction, then the remedy would be suppressing items from outside the date range. And based on our review of the materials admitted at trial from this search, I don't believe anything was used from before 1999. Kennedy, I wouldn't have been very useful to you, probably. Probably not, Your Honor. But I'm trying to remember whether you cited cases in your brief for that partial suppression remedy. I did, Your Honor. I believe the Sears case is one of the cases we decided from this – we cited from this Court. And there are a couple others as well cited in there. And we believe that those cases support our argument that really the remedy for the date problem would be suppressing things outside the date range. I don't know. That's not always going to be the case, is it? Well, there are cases where this Court has recognized that total suppression is warranted, where for – Yeah, if it's so broad. That's correct, Your Honor. Otherwise, there's no restriction on what people can do in issuing warrants. Very horribly broad things come in and ransack somebody's house and then they say, oh, well, King's acts – Warner, no harm, no foul. But – but in fact– In fact, we can't do that. We understand. I mean, this is not one of those cases, Your Honor. This – there's no indication in the record here that this was that kind of a search. And in fact, the partial suppression cases talk about the agent's conduct at the time of the search. Now, unfortunately, the record here is underdeveloped on that point. Our good faith – our argument about the conduct of the officers at the time of the search here focused on service and nothing else, because that was the claim that– This wasn't even raised. It wasn't. And so to the extent the record's incomplete, it's our submission that we shouldn't be penalized for that. At a minimum, we should be allowed to make a showing on that issue if the Court is not willing to decide it on the current record. Thank you, Your Honor. If there are no further questions. Thank you. Just a couple more points. I'll be brief, unless you have any – again, any particular questions regarding Defendant Rosenquist. First, on the waiver claim, getting back to Judge Canby's point about whether or not we could just say any Fourth Amendment violation, then that counts as being raised – raised below. I think in this case it was actually a little bit more specific than that. And that we said that the warrant was not reasonable or particular because it wasn't served. And like I said in the memorandum points of authorities, there is citations to the rule on particularity and in particular citation to the cases on overbroad – overbroad warrants. On the merits, I'd just like to respond to a few things that counsel said. First of all, as I said earlier, permeated by fraud exception does not imply when it's able to be more specific. He concedes that the warrant in this case could have been more specific. The lack of time restriction, I think, is absolutely fatal under this Court's authority. And again, a good faith – again, controlling authority in this circuit is a good faith exception cannot apply to an overbroad warrant. The last thing I'd like to say in response to a question that Judge Fernandez raised was whether or not this Court can consider an argument that wasn't raised below. I think that when it's purely an issue of law and when the documents are so overbroad on their face and when a time restriction was obviously available, in fact conceded by the government, that this Court can reach the issue. And in terms of the prejudice to the government for failing to be able to develop the facts further, one of the facts that they wanted to develop further in their case today is to prove that it wasn't able – that the government wasn't able to make a more specific showing. Yet they also conceded in their briefs that they absolutely were able to make a more specific showing by including the date restrictions. So unless there are any further questions, I'm going to conclude at the end. Thank you, Counsel. Thank you. The case just argued is submitted for decision. Can I go forward? I don't care. Either way, I don't know how. Can we go forward? Go forward. I will proceed. I'll wait until the courtroom is cleared.
judges: Schroeder, Canby, Fernandez